1  GLYNN & FINLEY, LLP
   ANDREW T. MORTL, Bar No. 177876
2  PATRICIAL L. BONHEYO, Bar No. 194155
   One Walnut Creek Center
3  100 Pringle Avenue, Suite 500
   Walnut Creek, CA 94596
4  Telephone: (925) 210-2800
   Facsimile: (925) 945-1975
5  Emails:  amortl@glynnfinley.com
            tbonheyo@glynnfinley.com
6
   Attorneys for Defendant
7  Kayo Oil Company

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 NORTHERN CALIFORNIA RIVER      )   Case No. C 07-03203 JCS
   WATCH, a non-profit Corporation,)
12                                 )   **KAYO OIL'S ANSWER TO**
                                   )   **COMPLAINT**
        Plaintiff,                 )
13                                 )
   vs.                             )
14                                 )
   SUNCOR HOLDINGS, et al.         )
15                                 )
        Defendants.                )
16                                 )

17

18         Defendant Kayo Oil Company ("Defendant") hereby answers the Complaint for

19 Injunctive Relief, Civil Penalties, Restitution and Remediation ("Complaint") of Plaintiff

20 Northern California River Watch ("Plaintiff") as follows:

21                            **I. INTRODUCTION**

22         1.     Answering paragraph 1 of the Complaint, Defendant admits that Plaintiff

23 has filed an action against Defendant related to alleged environmental contamination. Defendant

24 further admits it owns and operates a service station located at 449 Hegenberger Road, Oakland,

25 California. Except as so admitted, Defendant is without sufficient knowledge or information to

26 form a belief as to the truth of the remaining allegations, and on that basis denies them.

27         2.     Answering paragraph 2 of the Complaint, Defendant admits that Plaintiff

28 seeks various remedies in its Complaint. Except as so admitted, Defendant denies each and

- 1 -

1  every allegation contained therein as they relate to Defendant. Defendant is without sufficient
2  knowledge or information to form a belief as to the truth of the remaining allegations, and on that
3  basis denies them.

## II. JURISDICTION

5    3.    Answering paragraph 3 of the Complaint, Defendant is without sufficient
6  knowledge or information to form a belief as to the truth of the allegations, and on that basis
7  denies them.

8    4.    Answering paragraph 4 of the Complaint, Defendant admits that Plaintiff
9  sent a letter to Defendant dated March 8, 2007. The document speaks for itself. Except as so
10  admitted, Defendant is without sufficient knowledge or information to form a belief as to the
11  truth of the allegations contained therein, and on that basis denies them.

12    5.    Answering paragraph 5 of the Complaint, Defendant is without sufficient
13  knowledge or information to form a belief as to the truth of the allegations contained therein, and
14  on that basis denies them.

## III. INTRADISTRICT ASSIGNMENT

16    6.    Answering paragraph 6 of the Complaint, Defendant admits that venue is
17  proper in this Court. To the extent paragraph 6 states factual allegations, Defendant is without
18  sufficient knowledge or information to form a belief as to the truth of the allegations contained
19  therein, and on that basis denies them.

## IV. PARTIES

21    7.    Answering paragraph 7 of the Complaint, Defendant is without sufficient
22  knowledge or information to form a belief as to the truth of the allegations, and on that basis
23  denies them.

24    8.    Answering paragraph 8 of the Complaint, Defendant is without sufficient
25  knowledge or information to form a belief as to the truth of the allegations, and on that basis
26  denies them.
27  ///
28

1  9.   Answering paragraph 9 of the Complaint, Defendant admits that Kayo Oil Company is a company which does business in California, and has an office in Houston, Texas. Except as so admitted, Defendant denies the remaining allegations contained therein.

10.  Answering paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

11.  Answering paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

12.  Answering paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

13.  Answering paragraph 13 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

### V. STATEMENT OF FACTS

14.  Answering paragraph 14 of the Complaint, Defendant admits that at least since 2001, it has owned and operated a service station located at 449 Hegenberger Road, Oakland, California. Defendant further admits that it currently owns and operates a service station located at 449 Hegenberger Road, Oakland, California. Except as so admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

15.  Answering paragraph 15 of the Complaint, Defendant admits that in the past petroleum products have been stored at the service station located at 449 Hegenberger Road, Oakland, California and that petroleum contamination has been detected in the soil and groundwater at the 449 Hegenberger Road property. Except as so admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

- 3 -

16. Answering paragraph 16 of the Complaint, Defendant admits that investigative works has been conducted at the 449 Hegenberger Road, Oakland, California property under the supervision of the appropriate regulatory agencies. Except as so admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

17. Answering paragraph 17 of the Complaint, Defendant avers that the paragraph contains general commentary that does not require a response. To the extent the paragraph contains allegations requiring a response from Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

18. Answering paragraph 18 of the Complaint, Defendant avers that the paragraph contains a legal conclusion not requiring a response from Defendant. To the extent the paragraph contains allegations requiring a response from Defendant, Defendant denies each and every allegation contained therein as they relate to Defendant. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

19. Answering paragraph 19 of the Complaint, Defendant denies each and every allegation contained therein as they relate to Defendant. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

20. Answering paragraph 20 of the Complaint, Defendant admits that site investigations, monitoring work and remediation have been conducted at the 449 Hegenberger Road, Oakland, California property. Except as so admitted, Defendant denies each and every allegation contained therein as they relate to Defendant. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

21. Answering paragraph 21 of the Complaint, Defendant admits that in the past petroleum products have been stored at the 449 Hegenberger Road, Oakland, California

KAYO OIL'S ANSWER TO COMPLAINT                    Case No. C07-03203-JCS

property. Except as so admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

22. Answering paragraph 22 of the Complaint, Defendant avers that the paragraph contains general commentary that does not require a response. To the extent the paragraph contains allegations requiring a response from Defendant, Defendant denies each and every allegation contained therein.

### VI. FIRST CLAIM FOR RELIEF
### Violation of RCRA § 6972(a)(1)(A)

23. Answering paragraph 23 of the Complaint, Defendant incorporates by this reference its responses to paragraphs 1 through 22 above.

24. Answering paragraph 24 of the Complaint, Defendant avers that the paragraph contains a legal conclusion not requiring a response from Defendant. To the extent the paragraph contains allegations requiring a response from Defendant, Defendant denies each and every allegation contained therein.

25. Answering paragraph 25 of the Complaint, Defendant avers that the paragraph contains a legal conclusion not requiring a response from Defendant. To the extent the paragraph contains allegations requiring a response from Defendant, Defendant avers that the allegations are vague and ambiguous and on that basis denies them.

26. Answering paragraph 26 of the Complaint, Defendant avers that the paragraph contains a legal conclusion not requiring a response from Defendant. To the extent the paragraph contains allegations requiring a response from Defendant, Defendant denies each and every allegation contained therein..

27. Answering paragraph 27 of the Complaint, Defendant denies each and every allegation contained therein as they relate to Defendant. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

28. Answering paragraph 28 of the Complaint, Defendant denies each and every allegation contained therein as they relate to Defendant. Defendant is without sufficient

1  knowledge or information to form a belief as to the truth of the remaining allegations, and on that
2  basis denies them.

### VII. SECOND CLAIM FOR RELIEF

### Violation of RCRA § 6972(a)(1)(B)

5    29.    Answering paragraph 29 of the Complaint, Defendant incorporates by this reference its responses to paragraphs 1 through 28 above.

7    30.    Answering paragraph 30 of the Complaint, Defendant avers that the paragraph contains legal conclusions not requiring a response from Defendant.

9    31.    Answering paragraph 31 of the Complaint, Defendant admits it owns and operated a service station located at 449 Hegenberger Road, Oakland, California. Defendant further admits that petroleum products have been stored at the 449 Hegenberger Road, Oakland, California property. Except as so admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis denies them..

15    32.    Answering paragraph 32 of the Complaint, Defendant admits that that petroleum contamination has been detected in the soil and groundwater at the 449 Hegenberger Road, Oakland, California property. Except as so admitted, Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

20    33.    Answering paragraph 33 of the Complaint, Defendant avers that the paragraph contains a legal conclusion not requiring a response from Defendant. Defendant further avers the allegations are too vague to respond to. To the extent the paragraph contains allegations requiring a response from Defendant, Defendant denies each and every allegation contained therein.

25    34.    Answering paragraph 34 of the Complaint, Defendant avers that the paragraph contains a legal conclusion not requiring a response from Defendant. Defendant further avers the allegations are too vague to respond to. To the extent the paragraph contains

1  allegations requiring a response from Defendant, Defendant denies each and every allegation
2  contained therein.
3      35.  Answering paragraph 35 of the Complaint, Defendant avers that the
4  paragraph contains a legal conclusion not requiring a response from Defendant. To the extent the
5  paragraph contains allegations requiring a response from Defendant, Defendant denies each and
6  every allegation contained therein.
7      36.  Answering paragraph 36 of the Complaint, Defendant denies each and
8  every allegation contained therein as they relate to Defendant. Defendant is without sufficient
9  knowledge or information to form a belief as to the truth of the remaining allegations, and on that
10 basis denies them.
11     37.  Answering paragraph 37 of the Complaint, Defendant denies each and
12 every allegation contained therein as they relate to Defendant. Defendant is without sufficient
13 knowledge or information to form a belief as to the truth of the remaining allegations, and on that
14 basis denies them.

### VIII. RELIEF REQUESTED

16     38.  Answering paragraph 38 of the Complaint, Defendant denies each and
17 every allegation contained therein as they relate to Defendant. Defendant further denies that
18 Plaintiff is entitled to the relief sought, or any relief.
19     39.  Answering paragraph 39 of the Complaint, Defendant denies each and
20 every allegation contained therein as they relate to Defendant. Defendant further denies that
21 Plaintiff is entitled to the relief sought, or any relief.
22     40.  Answering paragraph 40 of the Complaint, Defendant denies each and
23 every allegation contained therein as they relate to Defendant. Defendant further denies that
24 Plaintiff is entitled to the relief sought, or any relief.
25     41.  Answering paragraph 41 of the Complaint, Defendant denies each and
26 every allegation contained therein as they relate to Defendant. Defendant further denies that
27 Plaintiff is entitled to the relief sought, or any relief.
28

KAYO OIL'S ANSWER TO COMPLAINT                Case No. C07-03203-JCS

1  42.  Answering paragraph 42 of the Complaint, Defendant denies each and
2  every allegation contained therein as they relate to Defendant. Defendant further denies that
3  Plaintiff is entitled to the relief sought, or any relief.
4  43.  Answering paragraph 43 of the Complaint, Defendant denies each and
5  every allegation contained therein as they relate to Defendant. Defendant further denies that
6  Plaintiff is entitled to the relief sought, or any relief.
7  44.  Answering paragraph 44 of the Complaint, Defendant denies each and
8  every allegation contained therein as they relate to Defendant. Defendant further denies that
9  Plaintiff is entitled to the relief sought, or any relief.
10  45.  Answering paragraph 45 of the Complaint, Defendant denies each and
11  every allegation contained therein as they relate to Defendant. Defendant further denies that
12  Plaintiff is entitled to the relief sought, or any relief.
13  46.  Answering paragraph 46 of the Complaint, Defendant denies each and
14  every allegation contained therein as they relate to Defendant. Defendant further denies that
15  Plaintiff is entitled to the relief sought, or any relief.
16  47.  Answering paragraph 47 of the Complaint, Defendant denies each and
17  every allegation contained therein as they relate to Defendant. Defendant further denies that
18  Plaintiff is entitled to the relief sought, or any relief.

## **AFFIRMATIVE DEFENSES**

As separate and complete affirmative defenses to all claims in the Complaint, Defendant asserts as follows:

### **FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

The Complaint and each claim for relief therein fails to state facts sufficient to state a claim for which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**
**(Standing)**

Plaintiff lacks standing to sue for any claims for relief alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE
### (Subject Matter Jurisdiction)

This Court lacks jurisdiction over the subject matter of the Plaintiff's purported claim under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 *et seq.*

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Provide Notice)

Plaintiff failed to provide the statutorily required pre-suit notice of any claim arising under RCRA.

### FIFTH AFFIRMATIVE DEFENSE
### (Pre-Suit Notice Inadequate)

Any attempted pre-suit notice purportedly presented pursuant to RCRA was legally insufficient.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable or Necessary Parties)

The Complaint fails to include all indispensable or necessary parties for the just and complete adjudication of the matters alleged by Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE
### (Statutes of Limitations)

The Complaint and each cause of action therein is barred by applicable federal and state statutes of limitations, including but not limited to, the statute of limitations set forth in 28 U.S.C. § 2462.

### EIGHTH AFFIRMATIVE DEFENSE
### (Acts or Omissions of Third Parties)

The Plaintiff cannot recover against Defendant because the alleged violations of RCRA, if any, were caused by the acts, errors or omissions of third parties other than Defendant, over whom Defendant had no authority or control.

### NINTH AFFIRMATIVE DEFENSE
### (Res Judicata/Collateral Estoppel)

The Complaint and each cause of action therein is barred by the doctrines of res judicata and/or collateral estoppel.

### TENTH AFFIRMATIVE DEFENSE

**(Punitive Damages/Civil Penalties Improper)**

The Complaint fails to state a claim or set forth facts sufficient to support a claim for punitive damages or civil penalties.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Failure to Perform Conditions or Exhaust Remedies)**

The Complaint and each cause of action therein is barred because Plaintiff failed to exhaust its remedies and has not performed all necessary conditions precedent required prior to filing the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

**(Incorporation by Reference of Other Affirmative Defenses)**

Defendant incorporates by reference any and all affirmative defenses asserted by any other defendant in this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Commencement and Diligent Prosecution)**

The Complaint is barred by the provisions of 42 U.S.C. § 6972(b)(2)(C).

### FOURTEENTH AFFIRMATIVE DEFENSE

**(Laches)**

Plaintiff's claims are barred by the doctrine of laches.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

Plaintiff's claims are barred as a matter of equity because Plaintiff has "unclean hands" or has otherwise engaged in conduct sufficient to bar its claims.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Waiver)**

Plaintiff's claims are barred by the doctrine of waiver.

1    **SEVENTEENTH AFFIRMATIVE DEFENSE**

2    **(Estoppel)**

3    Plaintiff's claims are barred by the doctrine of equitable estoppel.

4    **EIGHTEENTH AFFIRMATIVE DEFENSE**

5    **(Primary Jurisdiction/Preemption)**

6    Defendant is informed and believes and thereon avers that the Complaint, and
7    each claim therein, is barred, in whole or in part, because RCRA grants primary jurisdiction to
8    the California State Water Resources Control Board, the Regional Water Quality Control Board
9    (San Francisco Bay Region) and/or other government agencies, and otherwise preempts and/or
10    subsumes plaintiff's claims. The Court should abstain from hearing this action.

11    **NINETEENTH AFFIRMATIVE DEFENSE**

12    **(Reservation of All Other Affirmative Defenses)**

13    Defendant reserves the right to assert and rely on any additional affirmative
14    defenses that may become available or apparent during discovery proceedings and/or trial.

15    WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

16    1.    That Plaintiff be awarded nothing in this action, and the Complaint be
17          dismissed with prejudice;
18    2.    That judgment be entered in favor of Defendant on the Complaint; and,
19    3.    That Defendants be awarded its costs; and
20    4.    For such other and further relief as the court may deem just and proper.

21    Dated: August 21, 2007

                                    GLYNN & FINLEY, LLP
22                                  ANDREW T. MORTL
                                    PATRICIA L. BONHEYO
23                                  One Walnut Creek Center
                                    100 Pringle Avenue, Suite 500
24                                  Walnut Creek, CA 94596

25
                                    By  /s/ Pat L. B.
26                                  Attorneys for Defendant Kayo Oil
                                    Company
27

28

| | |
|---|---|
| 1 | Case/Docket No. C07-03203 JCS |
| 2 | **PROOF OF SERVICE VIA CM/ECF** |

3   I, Gina M. Bentley, declare as follows:

4   I am over the age of 18 years, and not a party to the action; and I am employed in
5 the County of Contra Costa, California. My business address is One Walnut Creek Center, 100
6 Pringle Avenue, Suite 500, Walnut Creek, CA 94596, in said County and State. On August 21,
7 2007, I served the following document(s):

8   a.   **KAYO OIL'S ANSWER TO COMPLAINT**

9 on the interested parties in this action , by presenting the foregoing to the Clerk of the Court for
10 filing and uploading to the CM/ECF system which will send notification of such filing to the
11 following:

12   *SEE CM/ECF ELECTRONIC FILING CERTIFICATE OF SERVICE LIST*

13
14   I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

15   Executed this 21st day of August, 2007 at Walnut Creek, California.

          /s/Gina M. Bentley
          Gina M. Bentley

- 1 -

PROOF OF SERVICE