GLYNN & FINLEY, LLP
ANDREW T. MORTL, Bar No. 177876
PATRICIAL L. BONHEYO, Bar No. 194155
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975
Emails:  amortl@glynnfinley.com
         tbonheyo@glynnfinley.com

Attorneys for Defendant
ConocoPhillips Company

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit Corporation, ) ) ) Plaintiff, ) ) vs. ) ) SUNCOR HOLDINGS, et al. ) ) Defendants. ) ) | **Case No. C 07-03203 JCS** <br> **CONOCOPHILLIPS' ANSWER TO COMPLAINT** |

Defendant ConocoPhillips Company ("Defendant") hereby answers the Complaint for Injunctive Relief, Civil Penalties, Restitution and Remediation ("Complaint") of Plaintiff Northern California River Watch ("Plaintiff") as follows:

### I. INTRODUCTION

1.      Answering paragraph 1 of the Complaint, Defendant admits that Plaintiff has filed an action against Defendant related to alleged environmental contamination.  Defendant further admits it acquired interests in service stations located at (a) 1499 University Ave., Berkeley; (b) 4276 MacArthur, Oakland; (c) 1480 Broadway, Burlingame; (e) 1876 El Camino Real, Burlingame; and (f) 1626 Bodega Bay, El Camino Real, San Mateo, on which service stations were operated.  Defendant further admits it leased property located at (a) 1499 University Ave., Berkeley; (b) 4276 MacArthur, Oakland; (c) 1480 Broadway, Burlingame; and (d) 1626

- 1 -

1   Bodega Bay, El Camino Real, San Mateo, on which service stations are operated.  Defendant

2   further admits it owned property located at 1876 El Camino Real, Burlingame, on which a

3   service station is operated.  Defendant is currently investigating whether it previously acquired

4   interests in the service station located at 449 Hegenberger Road, Oakland.  Except as so

5   admitted, Defendant is without sufficient knowledge or information to form a belief as to the

6   truth of the remaining allegations, and on that basis denies them.

7          2.      Answering paragraph 2 of the Complaint, Defendant admits that Plaintiff

8   seeks various remedies in its Complaint.  Except as so admitted, Defendant denies the remaining

9   allegations contained therein.

10                          **II. JURISDICTION**

11          3.      Answering paragraph 3 of the Complaint, Defendant is without sufficient

12  knowledge or information to form a belief as to the truth of the allegations, and on that basis

13  denies them.

14          4.      Answering paragraph 4 of the Complaint, Defendant admits that Plaintiff

15  sent a letter to Defendant dated March 8, 2007.  The document speaks for itself.  Except as so

16  admitted, Defendant is without sufficient knowledge or information to form a belief as to the

17  truth of the allegations contained therein, and on that basis denies them.

18          5.      Answering paragraph 5 of the Complaint, Defendant is without sufficient

19  knowledge or information to form a belief as to the truth of the allegations contained therein, and

20  on that basis denies them.

21                     **III. INTRADISTRICT ASSIGNMENT**

22          6.      Answering paragraph 6 of the Complaint, Defendant admits that venue is

23  proper in this Court.  To the extent paragraph 6 states factual allegations, Defendant is without

24  sufficient knowledge or information to form a belief as to the truth of the allegations contained

25  therein, and on that basis denies them.

26  ///

27  ///

28  ///

- 2 -

# IV. PARTIES

7.    Answering paragraph 7 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

8.    Answering paragraph 8 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

9.    Answering paragraph 9 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

10.    Answering paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

11.    Answering paragraph 11 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

12.    Defendant admits that ConocoPhillips Company is a corporation which is registered with the State of California, does business in California, and has an office in Houston, Texas.  Except as so admitted, Defendant denies the remaining allegations contained therein.

13.    Answering paragraph 13 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies them.

# V. STATEMENT OF FACTS

14.    Answering paragraph 14 of the Complaint, Defendant further admits it acquired interests in service stations located at (a) 1499 University Ave., Berkeley; (b) 4276 MacArthur, Oakland; (c) 1480 Broadway, Burlingame; (d) 1876 El Camino Real, Burlingame; and (e) 1626 Bodega Bay, El Camino Real, San Mateo, on which service stations were operated. Defendant further admits it leased property located at (a) 1499 University Ave., Berkeley; (b)

- 3 -

1  4276 MacArthur, Oakland; (c) 1480 Broadway, Burlingame; and (d) 1626 Bodega Bay, El

2  Camino Real, San Mateo,] on which service stations are operated.  Defendant further admits it

3  owned property located at 1876 El Camino Real, Burlingame.  Defendant is currently

4  investigating whether it previously acquired interests in the service station located at 449

5  Hegenberger Road, Oakland.  Except as so admitted, Defendant denies the remaining allegations.

6        15.    Answering paragraph 15 of the Complaint, Defendant admits that in the

7  past petroleum products have been stored at the properties, and that petroleum contamination has

8  been detected in the soil and groundwater at those properties.  Except as so admitted, Defendant

9  is without sufficient knowledge or information to form a belief as to the truth of the remaining

10  allegations, and on that basis denies them.

11        16.    Answering paragraph 16 of the Complaint, Defendant admits that

12  investigative work has been conducted at the properties, under the supervision of the appropriate

13  regulatory agencies.  Except as so admitted, Defendant is without sufficient knowledge or

14  information to form a belief as to the truth of the remaining allegations, and on that basis denies

15  them.

16        17.    Answering paragraph 17 of the Complaint, Defendant avers that the

17  paragraph contains general commentary that does not require a response.  To the extent the

18  paragraph contains allegations requiring a response from Defendant, Defendant is without

19  sufficient knowledge or information to form a belief as to the truth of the allegations, and on that

20  basis denies them.

21        18.    Answering paragraph 18 of the Complaint, Defendant avers that the

22  paragraph contains a legal conclusion not requiring a response from Defendant.  To the extent the

23  paragraph contains allegations requiring a response from Defendant, Defendant denies each and

24  every allegation contained therein as they relate to Defendant.  Defendant is without sufficient

25  knowledge or information to form a belief as to the truth of the remaining allegations, and on that

26  basis denies them.

27        19.    Answering paragraph 19 of the Complaint, Defendant denies each and

28  every allegation contained therein as they relate to Defendant.  Defendant is without sufficient

- 4 -

1  knowledge or information to form a belief as to the truth of the remaining allegations, and on that

2  basis denies them.

3          20.    Answering paragraph 20 of the Complaint, Defendant admits that site

4  investigations, monitoring work and remediation have been conducted at the properties.  Except

5  as so admitted, Defendant denies each and every allegation contained therein as they relate to

6  Defendant.  Defendant is without sufficient knowledge or information to form a belief as to the

7  truth of the remaining allegations, and on that basis denies them.

8          21.    Answering paragraph 21 of the Complaint, Defendant admits that in the

9  past petroleum products have been stored at the properties.  Except as so admitted, Defendant is

10  without sufficient knowledge or information to form a belief as to the truth of the remaining

11  allegations, and on that basis denies them.

12          22.    Answering paragraph 22 of the Complaint, Defendant avers that the

13  paragraph contains general commentary that does not require a response.  To the extent the

14  paragraph contains allegations requiring a response from Defendant, Defendant denies each and

15  every allegation contained therein.

16  **VI. FIRST CLAIM FOR RELIEF**

17  **Violation of RCRA § 6972(a)(1)(A)**

18          23.    Answering paragraph 23 of the Complaint, Defendant incorporates by this

19  reference its responses to paragraphs 1 through 22 above.

20          24.    Answering paragraph 24 of the Complaint, Defendant avers that the

21  paragraph contains a legal conclusion not requiring a response from Defendant.  To the extent the

22  paragraph contains allegations requiring a response from Defendant, Defendant denies each and

23  every allegation contained therein.

24          25.    Answering paragraph 25 of the Complaint, Defendant avers that the

25  paragraph contains a legal conclusion not requiring a response from Defendant.  To the extent the

26  paragraph contains allegations requiring a response from Defendant, Defendant avers that the

27  allegations are vague and ambiguous and on that basis denies them.

28

- 5 -

1        26.    Answering paragraph 26 of the Complaint, Defendant avers that the

2    paragraph contains a legal conclusion not requiring a response from Defendant.  To the extent the

3    paragraph contains allegations requiring a response from Defendant, Defendant denies each and

4    every allegation contained therein..

5        27.    Answering paragraph 27 of the Complaint, Defendant denies each and

6    every allegation contained therein as they relate to Defendant.  Defendant is without sufficient

7    knowledge or information to form a belief as to the truth of the remaining allegations, and on that

8    basis denies them.

9        28.    Answering paragraph 28 of the Complaint, Defendant denies each and

10   every allegation contained therein as they relate to Defendant.  Defendant is without sufficient

11   knowledge or information to form a belief as to the truth of the remaining allegations, and on that

12   basis denies them.

13   **VII. SECOND CLAIM FOR RELIEF**

14   **Violation of RCRA § 6972(a)(1)(B)**

15       29.    Answering paragraph 29 of the Complaint, Defendant incorporates by this

16   reference its responses to paragraphs 1 through 28 above.

17       30.    Answering paragraph 30 of the Complaint, Defendant avers that the

18   paragraph contains legal conclusions not requiring a response from Defendant.

19       31.    Answering paragraph 31 of the Complaint, Defendant further admits it

20   acquired interests in service stations located at (a) 1499 University Ave., Berkeley; (b) 4276

21   MacArthur, Oakland; (c) 1480 Broadway, Burlingame; (d) 1876 El Camino Real, Burlingame;

22   and (e) 1626 Bodega Bay, El Camino Real, San Mateo, on which service stations were operated.

23    Defendant further admits it leased property located at (a) 1499 University Ave., Berkeley; (b)

24   4276 MacArthur, Oakland; (c) 1480 Broadway, Burlingame; and (d) 1626 Bodega Bay, El

25   Camino Real, San Mateo, on which service stations are operated.  Defendant further admits it

26   owned property located at 1876 El Camino Real, Burlingame, on which a service station is

27   operated.  Defendant is currently investigating whether it previously acquired interests in the

28   service station located at 449 Hegenberger Road, Oakland.  Defendant further admits that

- 6 -

1    petroleum products have been stored at the properties.  Except as so admitted, Defendant is

2    without sufficient knowledge or information to form a belief as to the truth of the remaining

3    allegations, and on that basis denies them.

4            32.    Answering paragraph 32 of the Complaint, Defendant admits that that

5    petroleum contamination has been detected in the soil and groundwater at the properties.  Except

6    as so admitted, Defendant is without sufficient knowledge or information to form a belief as to

7    the truth of the remaining allegations, and on that basis denies them.

8            33.    Answering paragraph 33 of the Complaint, Defendant avers that the

9    paragraph contains a legal conclusion not requiring a response from Defendant.  Defendant

10   further avers the allegations are too vague to respond to. To the extent the paragraph contains

11   allegations requiring a response from Defendant, Defendant denies each and every allegation

12   contained therein.

13           34.    Answering paragraph 34 of the Complaint, Defendant avers that the

14   paragraph contains a legal conclusion not requiring a response from Defendant.  Defendant

15   further avers the allegations are too vague to respond to.  To the extent the paragraph contains

16   allegations requiring a response from Defendant, Defendant denies each and every allegation

17   contained therein.

18           35.    Answering paragraph 35 of the Complaint, Defendant avers that the

19   paragraph contains a legal conclusion not requiring a response from Defendant.  To the extent the

20   paragraph contains allegations requiring a response from Defendant, Defendant denies each and

21   every allegation contained therein.

22           36.    Answering paragraph 36 of the Complaint, Defendant denies each and

23   every allegation contained therein as they relate to Defendant.  Defendant is without sufficient

24   knowledge or information to form a belief as to the truth of the remaining allegations, and on that

25   basis denies them.

26           37.    Answering paragraph 37 of the Complaint, Defendant denies each and

27   every allegation contained therein as they relate to Defendant.  Defendant is without sufficient

28

- 7 -

1    knowledge or information to form a belief as to the truth of the remaining allegations, and on that

2    basis denies them.

3                                    **VIII. RELIEF REQUESTED**

4                38.    Answering paragraph 38 of the Complaint, Defendant denies each and

5    every allegation contained therein as they relate to Defendant.  Defendant further denies that

6    Plaintiff is entitled to the relief sought, or any relief.

7                39.    Answering paragraph 39 of the Complaint, Defendant denies each and

8    every allegation contained therein as they relate to Defendant.  Defendant further denies that

9    Plaintiff is entitled to the relief sought, or any relief.

10               40.    Answering paragraph 40 of the Complaint, Defendant denies each and

11   every allegation contained therein as they relate to Defendant.  Defendant further denies that

12   Plaintiff is entitled to the relief sought, or any relief.

13               41.    Answering paragraph 41 of the Complaint, Defendant denies each and

14   every allegation contained therein as they relate to Defendant.  Defendant further denies that

15   Plaintiff is entitled to the relief sought, or any relief.

16               42.    Answering paragraph 42 of the Complaint, Defendant denies each and

17   every allegation contained therein as they relate to Defendant.  Defendant further denies that

18   Plaintiff is entitled to the relief sought, or any relief.

19               43.    Answering paragraph 43 of the Complaint, Defendant denies each and

20   every allegation contained therein as they relate to Defendant.  Defendant further denies that

21   Plaintiff is entitled to the relief sought, or any relief.

22               44.    Answering paragraph 44 of the Complaint, Defendant denies each and

23   every allegation contained therein as they relate to Defendant.  Defendant further denies that

24   Plaintiff is entitled to the relief sought, or any relief.

25               45.    Answering paragraph 45 of the Complaint, Defendant denies each and

26   every allegation contained therein as they relate to Defendant.  Defendant further denies that

27   Plaintiff is entitled to the relief sought, or any relief.

28

                                          - 8 -

1       46.     Answering paragraph 46 of the Complaint, Defendant denies each and

2 every allegation contained therein as they relate to Defendant.  Defendant further denies that

3 Plaintiff is entitled to the relief sought, or any relief.

4       47.     Answering paragraph 47 of the Complaint, Defendant denies each and

5 every allegation contained therein as they relate to Defendant.  Defendant further denies that

6 Plaintiff is entitled to the relief sought, or any relief.

7 <div align="center">**AFFIRMATIVE DEFENSES**</div>

8       As separate and complete affirmative defenses to all claims in the Complaint,

9 Defendant asserts as follows:

10 <div align="center">**FIRST AFFIRMATIVE DEFENSE**</div>

11 <div align="center">**(Failure to State a Claim)**</div>

12       The Complaint and each claim for relief therein fails to state facts sufficient to

13 state a claim for which relief can be granted.

14 <div align="center">**SECOND AFFIRMATIVE DEFENSE**</div>

15 <div align="center">**(Standing)**</div>

16       Plaintiff lacks standing to sue for any claims for relief alleged in the Complaint.

17 <div align="center">**THIRD AFFIRMATIVE DEFENSE**</div>

18 <div align="center">**(Subject Matter Jurisdiction)**</div>

19       This Court lacks jurisdiction over the subject matter of the Plaintiff's purported

20 claim under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 *et seq.*

21 <div align="center">**FOURTH AFFIRMATIVE DEFENSE**</div>

22 <div align="center">**(Failure to Provide Notice)**</div>

23       Plaintiff failed to provide the statutorily required pre-suit notice of any claim

24 arising under RCRA.

25 <div align="center">**FIFTH AFFIRMATIVE DEFENSE**</div>

26 <div align="center">**(Pre-Suit Notice Inadequate)**</div>

27       Any attempted pre-suit notice purportedly presented pursuant to RCRA was

28 legally insufficient.

<div align="center">- 9 -</div>

1  **SIXTH AFFIRMATIVE DEFENSE**

2  **(Failure to Join Indispensable or Necessary Parties)**

3        The Complaint fails to include all indispensable or necessary parties for the just

4  and complete adjudication of the matters alleged by Plaintiff.

5  **SEVENTH AFFIRMATIVE DEFENSE**

6  **(Statutes of Limitations)**

7        The Complaint and each cause of action therein is barred by applicable federal

8  and state statutes of limitations, including but not limited to, the statute of limitations set forth in

9  28 U.S.C. § 2462.

10  **EIGHTH AFFIRMATIVE DEFENSE**

11  **(Acts or Omissions of Third Parties)**

12        The Plaintiff cannot recover against Defendant because the alleged violations of

13  RCRA, if any, were caused by the acts, errors or omissions of third parties other than Defendant,

14  over whom Defendant had no authority or control.

15  **NINTH AFFIRMATIVE DEFENSE**

16  **(Res Judicata/Collateral Estoppel)**

17        The Complaint and each cause of action therein is barred by the doctrines of res

18  judicata and/or collateral estoppel.

19  **TENTH AFFIRMATIVE DEFENSE**

20  **(Punitive Damages/Civil Penalties Improper)**

21        The Complaint fails to state a claim or set forth facts sufficient to support a claim

22  for punitive damages or civil penalties.

23  **ELEVENTH AFFIRMATIVE DEFENSE**

24  **(Failure to Perform Conditions or Exhaust Remedies)**

25        The Complaint and each cause of action therein is barred because Plaintiff failed

26  to exhaust its remedies and has not performed all necessary conditions precedent required prior

27  to filing the Complaint.

28  ///

- 10 -

---

CONOCOPHILLIPS' ANSWER TO COMPLAINT          Case No. C07-03203-JCS

1    **TWELFTH AFFIRMATIVE DEFENSE**

2    **(Incorporation by Reference of Other Affirmative Defenses)**

3    Defendant incorporates by reference any and all affirmative defenses asserted by

4    any other defendant in this action.

5    **THIRTEENTH AFFIRMATIVE DEFENSE**

6    **(Commencement and Diligent Prosecution)**

7    The Complaint is barred by the provisions of 42 U.S.C. § 6972(b)(2)(C).

8    **FOURTEENTH AFFIRMATIVE DEFENSE**

9    **(Laches)**

10   Plaintiff's claims are barred by the doctrine of laches.

11   **FIFTEENTH AFFIRMATIVE DEFENSE**

12   **(Unclean Hands)**

13   Plaintiff's claims are barred as a matter of equity because Plaintiff has "unclean

14   hands" or has otherwise engaged in conduct sufficient to bar its claims.

15   **SIXTEENTH AFFIRMATIVE DEFENSE**

16   **(Waiver)**

17   Plaintiff's claims are barred by the doctrine of waiver.

18   **SEVENTEENTH AFFIRMATIVE DEFENSE**

19   **(Estoppel)**

20   Plaintiff's claims are barred by the doctrine of equitable estoppel.

21   **EIGHTEENTH AFFIRMATIVE DEFENSE**

22   **(Primary Jurisdiction/Preemption)**

23   Defendant is informed and believes and thereon avers that the Complaint, and

24   each claim therein, is barred, in whole or in part, because RCRA grants primary jurisdiction to

25   the California State Water Resources Control Board, the Regional Water Quality Control Board

26   (San Francisco Bay Region) and/or other government agencies, and otherwise preempts and/or

27   subsumes plaintiff's claims.  The Court should abstain from hearing this action.

28   ///

- 11 -

CONOCOPHILLIPS' ANSWER TO COMPLAINT          Case No. C07-03203-JCS

| 1 | <div align="center">**NINETEENTH AFFIRMATIVE DEFENSE**</div> |

<div align="center">

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Reservation of All Other Affirmative Defenses)**

</div>

Defendant reserves the right to assert and rely on any additional affirmative defenses that may become available or apparent during discovery proceedings and/or trial.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1.    That Plaintiff be awarded nothing in this action, and the Complaint be dismissed with prejudice;

2.    That judgment be entered in favor of Defendant on the Complaint; and,

3.    That Defendants be awarded its costs; and

4.    For such other and further relief as the court may deem just and proper.

Dated: September 19, 2007

GLYNN & FINLEY, LLP
ANDREW T. MORTL
PATRICIA L. BONHEYO
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA  94596


By _____
Attorneys for Defendant
ConocoPhillips Company

- 12 -

1    Case/Docket No. C07-03203 PJH

2    **PROOF OF SERVICE VIA CM/ECF**

3    I, Gina M. Bentley, declare as follows:

4    I am over the age of 18 years, and not a party to the action; and I am employed in

5    the County of Contra Costa, California.  My business address is One Walnut Creek Center, 100

6    Pringle Avenue, Suite 500, Walnut Creek, CA  94596, in said County and State.  On September

7    19, 2007, I served the following document(s):

8    a.    **CONOCOPHILLIPS' ANSWER TO COMPLAINT**

9    on the interested parties in this action , by presenting the foregoing to the Clerk of the Court for

10   filing and uploading to the CM/ECF system which will send notification of such filing to the

11   following:

12   *SEE CM/ECF ELECTRONIC FILING CERTIFICATE OF SERVICE LIST*

13

14   I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct.

15
     Executed this 19th day of September, 2007 at Walnut Creek, California.

16

17   /s/Gina M. Bentley

18   Gina M. Bentley

19

20

21

22

23

24

25

26

27

28

- 1 -