GLYNN & FINLEY, LLP
ANDREW T. MORTL, Bar No. 177876
PATRICIAL L. BONHEYO, Bar No. 194155
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975
Emails:  amortl@glynnfinley.com
         tbonheyo@glynnfinley.com

Attorneys for Defendants
ConocoPhillips Company, Kayo Oil Company
and Suncor Holdings LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SUNCOR HOLDINGS, et al.<br><br>Defendants. | Case No. C 07-03203 PJH<br><br>**DEFENDANTS' JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:     September 27, 2007<br>Time:    2:30 p.m.<br>Dept.:    Ct Rm 3 |

Pursuant to Federal Rule of Civil Procedure 16, U.S. District Court of Northern California Local Rule 16-9 and this Court's August 24, 2007, which incorporated the Standing Order for All Judges of the Northern District of California ("Order"), Defendants ConocoPhillips Company, Kayo Oil Company and Suncor Holdings LLC (collectively "Defendants") jointly submit this Case Management Conference Statement.

### DESCRIPTION OF THE CASE

Pursuant to Local Rule 16-9, and this Court's Order, this statement is provided on the form provided in Appendix A of the Local Rules of Court. Nothing in this statement is intended as allegation or admission, nor shall anything be deemed to supersede or supplement the allegations or responses contained in the Parties' pleadings.

- 1 -

**1.    Jurisdiction and Service.**

Defendants dispute that subject matter jurisdiction exists because there is no imminent and substantial danger to public health or the environment as required by 42 U.S.C. § 6972(b), and there is no ongoing violation as required by 42 U.S.C. § 6972(a). Defendants dispute that this Court has supplemental jurisdiction over any state law claims as Plaintiff has not plead any such claims in its complaint.

**2.    Facts.**

Defendants deny the allegations and Plaintiff's claims to any relief. Defendants contend that the Sites are being properly maintained and remediated with the oversight, direction and support of the Regional Water Quality Board and other governmental agencies with jurisdiction. Defendants further contend that the Sites do not present an imminent and substantial endangerment to the public health or environment.

**3.    Legal Issues.**

a.    Plaintiff claims the actions and practices of Defendants at some or all of the Sites constitute ongoing violations of RCRA. Defendants deny any violation, deny that any of the alleged violations are ongoing, and claim that they are and have been in compliance with RCRA at all times relevant to this suit.

b.    Plaintiff alleges that some or all of the Sites present an imminent and substantial harm to public health and/or the environment. Defendants deny that any of the Sites present an imminent or substantial harm to public health or the environment.

c.    Plaintiff claims Defendants have been unsuccessful in abating contamination at some or all of the Sites. Defendants claim that they have been abating contamination at each of the Sites in compliance with the directives and oversight of the responsible regulatory agencies.

d.    Plaintiff claims that its members have been, are being, or will be injured by the alleged violations of Defendants. Defendants deny the alleged violations, and also deny that the violations, if any, have injured, are injuring, or will injure any members of RIVER WATCH.

e.    The Parties dispute what it means for a violation to be "ongoing" or "continuing" for purposes of 42 U.S.C. § 6972(a).

- 2 -

      f.    The Parties dispute the legal interpretation of the terms "imminent and substantial harm to public health or the environment" in 42 U.S.C. § 6972(b).

      g.    Defendants contend that Plaintiff has no standing to bring its RCRA claims.

      h.    Defendants contend that Plaintiff is not entitled to its claims for relief. Defendants contend that Plaintiff has failed to state a claim or set forth facts sufficient to support a claim for injunctive relief, attorneys' fees, exemplary damages or civil penalties.

**4.　Motions.**

Defendants anticipate that they will file motions for summary judgment.

**5.　Amendments of the Pleadings.**

None anticipated. Defendants are currently investigating whether additional parties may be joined via cross claims. The Parties propose the following deadline for cross-claims: April 7, 2008.

**6.　Evidence Preservation.**

Defendants have taken reasonable steps to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of emails, voicemails, and other electronically-recorded materials. Defendants note, however, that the Sites at issue in this litigation encountered their environmental issues before Defendants ownership and/or operation and that the Sites are currently being remediated with the oversight, direction and support of the Regional Water Quality Board and other governmental agencies with jurisdiction.

**7.　Disclosures.**

The Parties certify that they will exchange Initial Disclosures as required by Federal Rule of Civil Procedure 26(a) on or before September 20, 2007.

**8.　Discovery.**

No discovery has been taken to date. Defendants anticipate that they will serve written discovery and take the depositions of Plaintiff and its members.

The Parties agree to the following discovery schedule: The last day to complete factual discovery shall be September 8, 2008. The last day to exchange expert disclosure and expert

1  witness reports shall be October 17, 2008, and the last day to exchange expert rebuttal witness
2  reports shall be November 21, 2008.   Expert witness discovery shall be completed on December
3  21, 2008.
4  **9.    Class Actions.** Not applicable.
5  **10.   Related Cases.**
6       Plaintiff recently voluntarily dismissed a similar RCRA suit (*Northern California River*
7  *Watch v. Union Oil Company of California, et al.*, Case No. C 06-3982 SBA (N.D. Cal., J.
8  Armstrong)).  Other than that suit, Defendants are unaware of any related cases or proceedings
9  currently pending before another judge of this court, or before another court or administrative
10 body.  Defendants note, however, that the Sites are being investigated, maintained and
11 remediated with the oversight, direction and support of the Regional Water Quality Board and
12 other governmental agencies with jurisdiction.
13 **11.   Relief.**
14       Defendants contend that Plaintiff has failed to state a claim or set forth facts sufficient to
15 support a claim for injunctive relief, attorneys' fees, punitive damages or civil penalties.
16 **12.   Settlement and ADR.**
17       The Parties acknowledge the Court's September 7, 2007 order referring this case to
18 mediation to be completed within 90 days of the order.
19 **13.   Consent to Magistrate Judge for All Purposes.**
20       Defendants do not consent to the assignment of this case to a United States Magistrate
21 Judge for a jury or bench trial.
22 **14.   Other References.**
23       Defendants contend that the case is not suitable for reference to binding arbitration, a
24 special master, or the Judicial Panel on Multidistrict Litigation.
25 **15.   Narrowing of Issues.**
26       Defendants are investigating means to narrow the issues by agreement or motion, and to
27 expedite the presentation of evidence at trial.  Defendants anticipate that absent a stipulation with
28 ///

1 Plaintiff, they will file motions for summary judgment, and other potential motions to narrow the
2 case.

3 **16.   Expedited Schedule.**

4 Defendants are investigating areas that may be handled on an expedited basis with
5 streamlined procedures.

6 **17.   Scheduling.**

7 The parties agree that the last day to file the joint pretrial conference statement and order
8 shall be February 20, 2009, and the last day to meet and confer on the joint pretrial conference
9 statement shall be February 6, 2009. Exhibits and other trial materials shall be lodged by
10 February 27, 2009, and briefs on all significant disputed issues of law shall be filed by March 16,
11 2009. Statements designating excerpts from depositions, interrogatory answers, and responses to
12 requests for admission to be offered at trial shall be filed by March 23, 2009. Any party
13 objecting to receipt into evidence of any proposed testimony or exhibit must meet and confer
14 with the opposing party with respect to resolving such objection by March 30, 2009. The final
15 pretrial conference shall be April 23, 2009.

16 **18.   Trial.**

17 Defendants contend that Plaintiff is not entitled to a jury trial. The Parties expect that the
18 trial will last for 5 days.

19 **19.   Disclosure of Non-party Interested Entities of Persons.**

20 Kayo Oil Company and ConocoPhillips Company have filed the "Certification of
21 Interested Entities or Persons" required by Civil Local Rule 3-16 (the "Certificate"). Suncor
22 Holdings LLC will file the Certificate on the same date that they file their responsive pleadings.

23 Dated: September 20, 2007                GLYNN & FINLEY, LLP
                                            ANDREW T. MORTL
24                                          PATRICIA L. BONHEYO

25
                                            By _____
26                                          Attorneys for Defendants
                                            ConocoPhillips Company, Kayo Oil
27                                          Company and Suncor Holdings LLC

28

DEFENDANTS' JOINT CASE MANAGEMENT STATEMENT           Case No. C07-03203-PJH

Case/Docket No. C07-03203 PJH

**PROOF OF SERVICE VIA CM/ECF**

I, Gina M. Bentley, declare as follows:

I am over the age of 18 years, and not a party to the action, and I am employed in the County of Contra Costa, California. My business address is One Walnut Creek Center, 100 Pringle Avenue, Suite 500, Walnut Creek, CA 94596, in said County and State. On September 20, 2007, I served the following document(s):

a. **DEFENDANTS' JOINT CASE MANAGEMENT STATTEMENT**

on the interested parties in this action , by presenting the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

*SEE CM/ECF ELECTRONIC FILING CERTIFICATE OF SERVICE LIST*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 20th day of September, 2007 at Walnut Creek, California.

/s/Gina M. Bentley
Gina M. Bentley