JACK SILVER, ESQ. SBN #160575
Law Office of Jack Silver
Post Office Box 5469
Santa Rosa, CA 95402-5469
Tel.   (707) 528-8175
Fax.   (707) 528-8675
E-mail:  lhm28843@sbcglobal.net

Attorneys for Plaintiff
NORTHERN CALIFORNIA RIVER WATCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation,<br><br>Plaintiff,<br>v.<br><br>SUNCOR HOLDINGS, LLC, TOSCO CORPORATION, KAYO OIL COMPANY, ESTATE OF VICTORIA CHAPPLE, CAROLE M. QUICK, LORAINE M. MUDGET, CONOCOPHILLIPS COMPANY, and DOES 1-20, Inclusive,<br>Defendants | CASE NO.  C07-03203 PJH<br><br>**PLAINTIFF'S SEPARATE CASE MANAGEMENT STATEMENT**<br><br>Date:        September 27, 2007<br>Time:       2:30 p.m.<br>Ctrm:       3, 17th Floor<br>Judge:      Hon. Phyllis J. Hamilton |

Pursuant to Federal Rule of Civil Procedure 16, U.S. District Court of Northern California Local Rule 16-9 and this Court's August 24, 2007 Order which incorporated the Standing Order for All Judges of the Northern District of California ("Order"), Plaintiff Northern California River Watch ("Plaintiff") submits this Case Management Statement.

## DESCRIPTION OF THE CASE

Pursuant to Local Rule 16-9, and this Court's Order, this statement is provided on the form provided in Appendix A of the Local Rules of Court. Nothing in this statement is intended as allegation or admission, nor shall anything be deemed to supersede or supplement the allegations or responses

contained in the Parties' pleadings.

1. **Jurisdiction and Service.**

Plaintiff alleges that this Court has subject matter jurisdiction pursuant to the citizen suit provision of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6972(a) & (b). Plaintiff also alleges that this Court has supplemental jurisdiction to consider various violations of California law based on 28 U.S.C. § 1367 (supplemental jurisdiction over claims arising out of same case or controversy).

Defendants dispute that subject matter jurisdiction exists because there is no imminent and substantial danger to public health or the environment as required by 42 U.S.C. § 6972(b), and there is no ongoing violation as required by 42 U.S.C. § 6972(a). Defendants dispute that this Court has supplemental jurisdiction over any state law claims as Plaintiff has not plead any such claims in its complaint.

2. **Facts.**

Defendants own and/or operate a number of service stations in Alameda County, and San Mateo County, California. Plaintiff claims Defendants have violated various provisions of RCRA and regulations adopted pursuant to RCRA, as well as a number of California statutes which supplement the environmental protections implemented by RCRA provisions.

Plaintiff sent the Defendants a "Notice of Violations and Intent to File Suit under Resources Conservation and Recovery Act" on or about March 8, 2007, and filed the Complaint in this action on June 18, 2007. Plaintiff alleges that petroleum contamination was detected beneath each Site in the late 1980s or early 1990s, and that the contamination resulted from leaks in underground storage tanks, piping systems, and/or from surface spills. Plaintiff alleges that such contamination violates regulations that have become effective pursuant to RCRA, and that such contamination includes known carcinogens and/or reproductive toxins, either of which poses a risk of imminent and substantial endangerment to human health and to the environment. Plaintiff is dissatisfied with the nature and extent of the investigation and/or remediation at each site.

Plaintiff requests a declaration that Defendants have violated RCRA, and it seeks civil penalties, exemplary damages, fees and costs, and various injunctive relief or orders requiring Defendants to

conduct further investigations, remediate the properties without further delays, and refrain from any additional discharges of petroleum products and constituents at any of the listed Sites.

Defendants deny the allegations and Plaintiff's claims to any relief. Defendants contend the Sites are being properly maintained and remediated with the oversight, direction and support of the Regional Water Quality Control Board and other governmental agencies with jurisdiction. Defendants further contend that the Sites do not present an imminent and substantial endangerment to the public health or environment.

**3.    Legal Issues.**

a.    Plaintiff claims the actions and practices of Defendants at some or all of the Sites constitute ongoing violations of RCRA. Defendants deny any violation, deny that any of the alleged violations are ongoing, and claim that they are and have been in compliance with RCRA at all times relevant to this suit.

b.    Plaintiff alleges that some or all of the Sites present an imminent and substantial harm to public health and/or the environment. Defendants deny that any of the Sites present an imminent or substantial harm to public health or the environment.

c.    Plaintiff claims Defendants have been unsuccessful in abating contamination at some or all of the Sites. Defendants claim that they have been abating contamination at each of the Sites in compliance with the directives and oversight of the responsible regulatory agencies.

d.    Plaintiff claims that its members have been, are being, or will be injured by the alleged violations of Defendants. Defendants deny the alleged violations, and also deny that the violations, if any, have injured, are injuring, or will injure any of Plaintiff's members.

e.    Defendants dispute what it means for a violation to be "ongoing" or "continuing" for purposes of 42 U.S.C. § 6972(a).

f.    Defendants dispute the legal interpretation of the terms "imminent and substantial harm to public health or the environment" in 42 U.S.C. § 6972(b).

g.    Defendants dispute whether Plaintiff has standing to brings its RCRA claims.

h.    Defendants dispute whether Plaintiff is entitled to its claims for relief. Defendants contend that Plaintiff has failed to state a claim or set forth facts sufficient to support a claim for injunctive relief,

C07-03203 PJH
PLAINTIFF'S SEPARATE CASE MANAGEMENT STATEMENT                                3

attorneys' fees, or civil penalties.

**4.     Motions.**

Plaintiff intends to file a motion for summary judgment as to liability. Defendants anticipate that they will file motions for summary judgment.

**5.     Amendments of the Pleadings; Additional Parties.**

Plaintiff intends to file amended complaints as required to have the pleadings conform to the facts, which might include adding or dismissing parties, or adding or dismissing claims. In mid-August Plaintiff attempted to serve two additional defendant landowners, Carole M. Quick and Lorraine M. Mudget, by requesting that each agree to a waiver of service. To date Plaintiff has received no response from these Defendants. Defendants are currently investigating whether additional parties may be joined via cross claims. The Parties propose the following deadline for cross-claims: April 7, 2008.

**6.     Evidence Preservation.**

Defendants have taken reasonable steps to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of emails, voicemails, and other electronically-recorded materials.

**7.     Disclosures.**

The Parties certify that they will exchange Initial Disclosures as required by Federal Rule of Civil Procedure 26(a) on or before September 27, 2007.

**8.     Discovery.**

No discovery has been taken to date. The Parties anticipate that they will serve written discovery and take the depositions of the opposing parties.

Plaintiff alleges that a portion of its claim is based upon the level of contamination entering groundwater and the migration of pollutants via preferential pathways such as sewers and other utilities. In order to complete its investigation, Plaintiff contends that it will need access to the subject properties for the purposes of monitoring, sampling and analysis. Plaintiff contends that for proper results, four (4) quarters of sampling are recommended in order to evaluate the impact of migrating pollutants upon the underlying water tables during both saturated and non-saturated conditions.

The parties recommend the following discovery schedule:

The last day to complete factual discovery shall be September 8, 2008. The last day to exchange expert disclosure and expert witness reports shall be October 17, 2008, and the last day to exchange expert rebuttal witness reports shall be November 21, 2008. Expert witness discovery shall be completed on December 21, 2008.

9. **Class Actions.** Not applicable.

10. **Related Cases.**

Plaintiff is unaware of any related cases or proceedings currently pending before another judge of this court, or before another court or administrative body.

11. **Relief.**

Plaintiff seeks injunctive relief pursuant to RCRA provisions, in addition to civil penalties under RCRA, fees and costs of suit.

Defendants contend that Plaintiff has failed to state a claim or set forth facts sufficient to support a claim for injunctive relief, attorneys' fees, or civil penalties.

12. **Settlement and ADR.**

The Parties acknowledge the Court's September 7, 2007 order referring this case to mediation to be completed within 90 days of the order.

13. **Consent to Magistrate Judge for All Purposes.**

Plaintiff has already filed its consent to a Magistrate Judge for all purposes. Defendants do not consent to the assignment of this case to a United States Magistrate Judge for a jury or bench trial.

14. **Other References.**

Plaintiff contends that this is a complex environmental case involving numerous sites and several defendants. At this time Plaintiff cannot determine the suitability of a special master. Defendants contend that the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues.**

Plaintiff and the Defendants are investigating means to narrow the issues by agreement or motion,

and to expedite the presentation of evidence at trial. Defendants anticipate that absent a stipulation with Plaintiff, they will file motions for summary judgment, and other potential motions to narrow the case.

**16.   Expedited Schedule.**

Plaintiff and the Defendants are investigating areas that may be handled on an expedited basis with streamlined procedures.

**17.   Scheduling.**

The parties agree that the last day to file the joint pretrial conference statement and order shall be February 20, 2009, and the last day to meet and confer on the joint pretrial conference statement shall be February 6, 2009. Exhibits and other trial materials shall be lodged by February 27, 2009, and briefs on all significant disputed issues of law shall be filed by March 16, 2009. Statements designating excerpts from depositions, interrogatory answers, and responses to requests for admission to be offered at trial shall be filed by March 23, 2009. Any party objecting to receipt into evidence of any proposed testimony or exhibit must meet and confer with the opposing party with respect to resolving such objection by March 30, 2009. The final pretrial conference shall be April 23, 2009.

**18.   Trial.**

The Parties expect that trial will last for five days.

**19.   Disclosure of Non-party Interested Entities of Persons.**

Plaintiff have filed its "Certification of Interested Entities or Persons".

Dated: September 20, 2007            LAW OFFICES OF JACK SILVER

                                     By: _____
                                     JACK SILVER
                                     Attorneys for Plaintiff
                                     NORTHERN CALIFORNIA RIVER WATCH