1  LAW OFFICES OF JACK SILVER
   JACK SILVER, Bar No. 160575
2  Post Office Box 546
   Santa Rosa, CA 94502-5469
3  Telephone: (925) 528-8175
   Facsimile: (925) 528-8675
4  Email:    lhm@sbcglobal.net

5     Attorneys for Plaintiff Northern California River Watch

6

   GLYNN & FINLEY, LLP
7  ANDREW T. MORTL, Bar No. 177876
   PATRICIAL L. BONHEYO, Bar No. 194155
8  One Walnut Creek Center
   100 Pringle Avenue, Suite 500
9  Walnut Creek, CA 94596
   Telephone: (925) 210-2800
10 Facsimile: (925) 945-1975
   Emails:   amortl@glynnfinley.com
11           tbonheyo@glynnfinley.com

12    Attorneys for Defendants
      ConocoPhillips Company, Kayo Oil Company
13    and Suncor Holdings LLC

14                UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16

17 NORTHERN CALIFORNIA RIVER          ) Case No. C 07-03203 PJH
   WATCH, a non-profit Corporation,   )
18                                    ) **JOINT CASE MANAGEMENT
                                      ) STATEMENT**
          Plaintiff,                  )
19                                    )
       vs.                            ) Date:  September 27, 2007
20                                    ) Time:  2:30 p.m.
   SUNCOR HOLDINGS, et al.            ) Dept.: Ct Rm 3
21                                    )
          Defendants.                 )
22 _____    )

23

24    Pursuant to Federal Rule of Civil Procedure 16, U.S. District Court of Northern

25 California Local Rule 16-9 and this Court's August 24, 2007, which incorporated the Standing

26 Order for All Judges of the Northern District of California ("Order"), Plaintiff Northern

27 California River Watch ("Plaintiff") and Defendants ConocoPhillips Company, Kayo Oil

28 ///

- 1 -

Company and Suncor Holdings LLC (collectively "Defendants," together with Plaintiff, the "Parties") jointly submit this Case Management Conference Statement.

## DESCRIPTION OF THE CASE

Pursuant to Local Rule 16-9, and this Court's Order, this statement is provided on the form provided in Appendix A of the Local Rules of Court. Nothing in this statement is intended as allegation or admission, nor shall anything be deemed to supersede or supplement the allegations or responses contained in the Parties' pleadings.

**1.    Jurisdiction and Service.**

Plaintiff alleges that this Court has subject matter jurisdiction pursuant to the citizen suit provision of the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. §§ 6972(a) & (b). Plaintiff also alleges that this Court has supplemental jurisdiction to consider various violations of California law based on 28 U.S.C. § 1367 (supplemental jurisdiction over claims arising out of same case or controversy).

Defendants dispute that subject matter jurisdiction exists because there is no imminent and substantial danger to public health or the environment as required by 42 U.S.C. § 6972(b), and there is no ongoing violation as required by 42 U.S.C. § 6972(a). Defendants dispute that this Court has supplemental jurisdiction over any state law claims as Plaintiff has not plead any such claims in its complaint.

**2.    Facts.**

Defendants own and/or operate a number of service stations in Alameda County, and San Mateo County, California. Plaintiff claims that the Defendants have violated various provisions of RCRA and regulations adopted pursuant to RCRA, as well as a number of California statutes that supplement the environmental protections implemented by RCRA provisions.

Plaintiff sent to the Defendants a "Notice of Violation and Intent to File Suit under Resources Conservation and Recovery Act" on or about March 8, 2007, and filed the Complaint in this action on June 18, 2007. Plaintiff alleges that petroleum contamination was detected beneath each Site in the late 1980s or early 1990s, and that the contamination resulted from leaks in Underground Storage Tanks ("USTs"), piping systems, and/or from surface spills. Plaintiff

1 alleges that such contamination violates regulations that have become effective pursuant to
2 RCRA, and that such contamination includes known carcinogens and/or reproductive toxins,
3 either of which poses a risk of imminent and substantial endangerment to human health and to
4 the environment. Plaintiff is dissatisfied with the nature and extent of the investigation and/or
5 remediation at each site.
6      Plaintiff requests a declaration that Defendants have violated RCRA, and it seeks civil
7 penalties, exemplary damages, fees and costs, and various injunctive relief or orders requiring
8 Defendants to conduct further investigations, remediate the properties without further delays, and
9 refrain from any additional discharges of petroleum products and constituents at any of the listed
10 Sites.
11      Defendants deny the allegations and Plaintiff's claims to any relief. Defendants contend
12 that the Sites at issue in this litigation encountered their environmental issues before Defendants'
13 ownership and/or operation. Defendants further contend that the Sites are being properly
14 maintained and remediated with the oversight, direction and support of the Regional Water
15 Quality Board and other governmental agencies with jurisdiction. Defendants further contend
16 that the Sites do not present an imminent and substantial endangerment to the public health or
17 environment.
18 **3.    Legal Issues.**
19      a.    Plaintiff claims the actions and practices of Defendants at some or all of the Sites
20 constitute ongoing violations of RCRA. Defendants deny any violation, deny that any of the
21 alleged violations are ongoing, and claim that they are and have been in compliance with RCRA
22 at all times relevant to this suit.
23      b.    Plaintiff alleges that some or all of the Sites present an imminent and substantial
24 harm to public health and/or the environment. Defendants deny that any of the Sites present an
25 imminent or substantial harm to public health or the environment.
26      c.    Plaintiff claims Defendants have been unsuccessful in abating contamination at
27 some or all of the Sites. Defendants claim that they have been abating contamination at each of
28 the Sites in compliance with the directives and oversight of the responsible regulatory agencies.

    d.    Plaintiff claims that its members have been, are being, or will be injured by the alleged violations of Defendants. Defendants deny the alleged violations, and also deny that the violations, if any, have injured, are injuring, or will injure any members of RIVER WATCH.

    e.    The Parties dispute what it means for a violation to be "ongoing" or "continuing" for purposes of 42 U.S.C. § 6972(a).

    f.    The Parties dispute the legal interpretation of the terms "imminent and substantial harm to public health or the environment" in 42 U.S.C. § 6972(b).

    g.    Defendants contend that Plaintiff has no standing to bring its RCRA claims.

    h.    Defendants contend that Plaintiff is not entitled to its claims for relief. Defendants contend that Plaintiff has failed to state a claim or set forth facts sufficient to support a claim for injunctive relief, attorneys' fees, exemplary damages or civil penalties.

**4.    Motions.**

Defendants anticipate that they will file motions for summary judgment. Plaintiff intends to file a motion for partial summary judgment as to liability.

**5.    Amendments of the Pleadings.**

Plaintiff intends to file amended complaints as required to have the pleadings conform to the facts, which might include adding or dismissing parties, or adding or dismissing claims. In mid-August Plaintiff has attempted to serve two additional defendant landowners, Carole M. Quick and Lorraine M. Mudget, by requesting that each agree to a waiver of service. To date Plaintiff has not received any response from these individuals. Defendants are currently investigating whether additional parties may be joined via cross claims. The Parties propose the following deadline to file amended complaints or cross-claims: April 7, 2008.

**6.    Evidence Preservation.**

The Parties have taken reasonable steps to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of emails, voicemails, and other electronically-recorded materials.

///

///

**7.   Disclosures.**

The Parties certify that they will exchange Initial Disclosures as required by Federal Rule of Civil Procedure 26(a) on or before September 27, 2007.

**8.   Discovery.**

No discovery has been taken to date. The Parties anticipate that they will serve written discovery, inspection demands and take the depositions of opposing parties. Plaintiff anticipates that it will serve defendants with four separate inspection demands with respect to each of the subject properties to conduct monitoring, groundwater sampling and analysis over a period of four quarters. Because Plaintiff contends that they require four quarters of groundwater sampling due to seasonal variations, the following discovery schedule is requested. Defendants reserve their respective objections to the scope and number of such inspection demands, and do not agree that Plaintiff is entitled to four quarterly groundwater sampling results to be taken by Plaintiff.

The Parties agree to the following discovery schedule: The last day to complete factual discovery shall be September 8, 2008. The last day to exchange expert disclosure and expert witness reports shall be October 17, 2008, and the last day to exchange expert rebuttal witness reports shall be November 21, 2008. Expert witness discovery shall be completed on December 21, 2008.

**9.   Class Actions.** Not applicable.

**10.   Related Cases.**

Defendants are unaware of any related cases or proceedings currently pending before another judge of this court, or before another court or administrative body.

**11.   Relief.**

Defendants contend that Plaintiff has failed to state a claim or set forth facts sufficient to support a claim for injunctive relief, attorneys' fees, punitive damages or civil penalties. Plaintiff has requested injunctive relief, penalties and attorney fees.

**12.   Settlement and ADR.**

The Parties acknowledge the Court's September 7, 2007 order referring this case to mediation to be completed within 90 days of the order.

**13.   Consent to Magistrate Judge for All Purposes.**

Plaintiff has already filed its consent to a Magistrate Judge for all purposes. Defendants do not consent to the assignment of this case to a United States Magistrate Judge for a jury or bench trial.

**14.   Other References.**

Plaintiff contends that this is a complex environmental case involving numerous sites and several defendants. At this time Plaintiff cannot determine the suitability of a special master. Defendants contend that the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues.**

The Parties are investigating means to narrow the issues by agreement or motion, and to expedite the presentation of evidence at trial. Defendants anticipate that absent a stipulation with Plaintiff, they will file motions for summary judgment, and other potential motions to narrow the case.

**16.   Expedited Schedule.**

The Parties are investigating areas that may be handled on an expedited basis with streamlined procedures.

**17.   Scheduling.**

The Parties agree that the last day to file the joint pretrial conference statement and order shall be February 20, 2009, and the last day to meet and confer on the joint pretrial conference statement shall be February 6, 2009. Exhibits and other trial materials shall be lodged by February 27, 2009, and briefs on all significant disputed issues of law shall be filed by March 16, 2009. Statements designating excerpts from depositions, interrogatory answers, and responses to requests for admission to be offered at trial shall be filed by March 23, 2009. Any party objecting to receipt into evidence of any proposed testimony or exhibit must meet and confer with the opposing party with respect to resolving such objection by March 30, 2009. The final pretrial conference shall be April 23, 2009.

///

1  **18.    Trial.**

2      Defendants contend that Plaintiff is not entitled to a jury trial. Plaintiff contends it is
3  entitled to a jury trial. The Parties expect that the trial will last for 5 days.

4  **19.    Disclosure of Non-party Interested Entities of Persons.**

5      Plaintiff will file its "Certification of Interested Entities or Persons" required by Civil
6  Local Rule 3-16 (the "Certificate") on or before September 27, 2007. Kayo Oil Company and
7  ConocoPhillips Company have filed their respective Certificate. Suncor Holdings LLC will file
8  the Certificate on the same date that they file their responsive pleadings.

10      Patricia L. Bonheyo of Glynn & Finley LLP, attorneys for Defendants ConocoPhillips
11  Company, Kayo Oil Company and Suncor Holdings LLC, hereby attests that the concurrence in
12  the filing of the Joint Case Management Conference Statement has been obtained from Law
13  Offices of Jack Silver, attorneys for Plaintiff Northern California River Watch

14      Dated: September 21, 2007                LAW OFFICES OF JACK SILVER

16                                               By  *Jack Silver / PLB*
                                                    Jack Silver
17                                                  Attorneys for Plaintiff
                                                    Northern California River Watch

19      Dated: September 21, 2007                GLYNN & FINLEY, LLP
                                                 ANDREW T. MORTL
20                                               PATRICIA L. BONHEYO
                                                 One Walnut Creek Center
21                                               100 Pringle Avenue, Suite 500
                                                 Walnut Creek, CA  94596

23                                               By  *Patricia L. Bonheyo*
24                                                  Attorneys for Defendants
                                                    ConocoPhillips Company, Kayo Oil
25                                                  Company and Suncor Holdings LLC

JOINT CASE MANAGEMENT STATEMENT                              Case No. C07-03203-PJH

| | |
|---|---|
| 1 | Case/Docket No. C07-03203 PJH |
| 2 | **PROOF OF SERVICE VIA CM/ECF** |

3  I, Gina M. Bentley, declare as follows:

4  I am over the age of 18 years, and not a party to the action; and I am employed in
5  the County of Contra Costa, California. My business address is One Walnut Creek Center, 100
6  Pringle Avenue, Suite 500, Walnut Creek, CA 94596, in said County and State. On September
7  21, 2007, I served the following document(s):

8  a.  **JOINT CASE MANAGEMENT STATEMENT**
9  on the interested parties in this action , by presenting the foregoing to the Clerk of the Court for
10  filing and uploading to the CM/ECF system which will send notification of such filing to the
11  following:

12  *SEE CM/ECF ELECTRONIC FILING CERTIFICATE OF SERVICE LIST*

13  I declare under penalty of perjury under the laws of the State of California that the
14  foregoing is true and correct.

15  Executed this 21st day of September, 2007 at Walnut Creek, California.

/s/Gina M. Bentley
Gina M. Bentley

- 1 -

PROOF OF SERVICE