1  GLYNN & FINLEY, LLP
   ANDREW T. MORTL, Bar No. 177876
2  PATRICIAL L. BONHEYO, Bar No. 194155
   One Walnut Creek Center
3  100 Pringle Avenue, Suite 500
   Walnut Creek, CA 94596
4  Telephone: (925) 210-2800
   Facsimile: (925) 945-1975
5  Emails:  amortl@glynnfinley.com
            tbonheyo@glynnfinley.com
6
   Attorneys for Defendant
7  Suncor Holdings LLC

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  NORTHERN CALIFORNIA RIVER          )   **Case No. C 07-03203 PJH**
    WATCH, a non-profit Corporation,    )
12                                       )   **SUNCOR HOLDINGS' ANSWER TO**
                    Plaintiff,           )   **COMPLAINT**
13                                       )
                                         )
14          vs.                          )
                                         )
15  SUNCOR HOLDINGS, et al.              )
                                         )
16                  Defendants.          )
    _____     )

17

18          Defendant Suncor Holdings LLC ("Defendant") hereby answers the Complaint for

19  Injunctive Relief, Civil Penalties, Restitution and Remediation ("Complaint") of Plaintiff

20  Northern California River Watch ("Plaintiff") as follows:

21                          **I. INTRODUCTION**

22          1.    Answering paragraph 1 of the Complaint, Defendant admits that Plaintiff

23  has filed an action against Defendant related to alleged environmental contamination.  Defendant

24  further admits it owns and operates a service station located at 1480 Broadway, Burlingame,

25  California.  Except as so admitted, Defendant is without sufficient knowledge or information to

26  form a belief as to the truth of the remaining allegations, and on that basis denies them.

27          2.    Answering paragraph 2 of the Complaint, Defendant admits that Plaintiff

28  seeks various remedies in its Complaint.  Except as so admitted, Defendant denies each and

                                        - 1 -

1  every allegation contained therein as they relate to Defendant.  Defendant is without sufficient

2  knowledge or information to form a belief as to the truth of the remaining allegations, and on that

3  basis denies them.

4  <center>**II. JURISDICTION**</center>

5      3.    Answering paragraph 3 of the Complaint, Defendant is without sufficient

6  knowledge or information to form a belief as to the truth of the allegations, and on that basis

7  denies them.

8      4.    Answering paragraph 4 of the Complaint, Defendant admits that Plaintiff

9  sent a letter to Defendant dated March 8, 2007.  The document speaks for itself.  Except as so

10  admitted, Defendant is without sufficient knowledge or information to form a belief as to the

11  truth of the allegations contained therein, and on that basis denies them.

12      5.    Answering paragraph 5 of the Complaint, Defendant is without sufficient

13  knowledge or information to form a belief as to the truth of the allegations contained therein, and

14  on that basis denies them.

15  <center>**III. INTRADISTRICT ASSIGNMENT**</center>

16      6.    Answering paragraph 6 of the Complaint, Defendant admits that venue is

17  proper in this Court.  To the extent paragraph 6 states factual allegations, Defendant is without

18  sufficient knowledge or information to form a belief as to the truth of the allegations contained

19  therein, and on that basis denies them.

20  <center>**IV. PARTIES**</center>

21      7.    Answering paragraph 7 of the Complaint, Defendant is without sufficient

22  knowledge or information to form a belief as to the truth of the allegations, and on that basis

23  denies them.

24      8.    Answering paragraph 8 of the Complaint, Defendant admits that Suncor

25  Holdings LLC is a limited liability company which is qualified to do business in California and

26  does business in California.  Except as so admitted, Defendant denies the remaining allegations

27  contained therein

28  ///

<center>- 2 -</center>

1    9.    Answering paragraph 9 of the Complaint, Defendant is without sufficient

2  knowledge or information to form a belief as to the truth of the allegations, and on that basis

3  denies them.

4    10.    Answering paragraph 10 of the Complaint, Defendant is without sufficient

5  knowledge or information to form a belief as to the truth of the allegations, and on that basis

6  denies them.

7    11.    Answering paragraph 11 of the Complaint, Defendant is without sufficient

8  knowledge or information to form a belief as to the truth of the allegations, and on that basis

9  denies them.

10    12.    Answering paragraph 11 of the Complaint, Defendant is without sufficient

11  knowledge or information to form a belief as to the truth of the allegations, and on that basis

12  denies them.

13    13.    Answering paragraph 13 of the Complaint, Defendant is without sufficient

14  knowledge or information to form a belief as to the truth of the allegations, and on that basis

15  denies them.

16    **V. STATEMENT OF FACTS**

17    14.    Answering paragraph 14 of the Complaint, Defendant admits that since

18  December 21, 2005, it has owned and operated a service station located at 1480 Broadway,

19  Burlingame, California.  Defendant further admits that it currently owns and operates a service

20  station located at 1480 Broadway, Burlingame, California.  Except as so admitted, Defendant is

21  without sufficient knowledge or information to form a belief as to the truth of the remaining

22  allegations, and on that basis denies them.

23    15.    Answering paragraph 15 of the Complaint, Defendant admits that in the

24  past petroleum products have been stored at the service station located at 1480 Broadway,

25  Burlingame, California and that petroleum contamination has been detected in the soil and

26  groundwater at the 1480 Broadway property.   Except as so admitted, Defendant is without

27  sufficient knowledge or information to form a belief as to the truth of the remaining allegations,

28  and on that basis denies them.

- 3 -

SUNCOR HOLDINGS' ANSWER TO COMPLAINT    Case No. C07-03203-JCS

1             16.     Answering paragraph 16 of the Complaint, Defendant admits that

2   investigative works has been conducted at the 1480 Broadway, Burlingame, California property

3   under the supervision of the appropriate regulatory agencies.  Except as so admitted, Defendant is

4   without sufficient knowledge or information to form a belief as to the truth of the remaining

5   allegations, and on that basis denies them.

6             17.     Answering paragraph 17 of the Complaint, Defendant avers that the

7   paragraph contains general commentary that does not require a response.  To the extent the

8   paragraph contains allegations requiring a response from Defendant, Defendant is without

9   sufficient knowledge or information to form a belief as to the truth of the allegations, and on that

10   basis denies them.

11             18.     Answering paragraph 18 of the Complaint, Defendant avers that the

12   paragraph contains a legal conclusion not requiring a response from Defendant.  To the extent the

13   paragraph contains allegations requiring a response from Defendant, Defendant denies each and

14   every allegation contained therein as they relate to Defendant.  Defendant is without sufficient

15   knowledge or information to form a belief as to the truth of the remaining allegations, and on that

16   basis denies them.

17             19.     Answering paragraph 19 of the Complaint, Defendant denies each and

18   every allegation contained therein as they relate to Defendant.  Defendant is without sufficient

19   knowledge or information to form a belief as to the truth of the remaining allegations, and on that

20   basis denies them.

21             20.     Answering paragraph 20 of the Complaint, Defendant admits that site

22   investigations, monitoring work and remediation have been conducted at the 1480 Broadway,

23   Burlingame, California property.  Except as so admitted, Defendant denies each and every

24   allegation contained therein as they relate to Defendant.  Defendant is without sufficient

25   knowledge or information to form a belief as to the truth of the remaining allegations, and on that

26   basis denies them.

27             21.     Answering paragraph 21 of the Complaint, Defendant admits that in the

28   past petroleum products have been stored at the 1480 Broadway, Burlingame, California

- 4 -

1   property.  Except as so admitted, Defendant is without sufficient knowledge or information to

2   form a belief as to the truth of the remaining allegations, and on that basis denies them.

3          22.    Answering paragraph 22 of the Complaint, Defendant avers that the

4   paragraph contains general commentary that does not require a response.  To the extent the

5   paragraph contains allegations requiring a response from Defendant, Defendant denies each and

6   every allegation contained therein.

7                          **VI. FIRST CLAIM FOR RELIEF**

8                        **Violation of RCRA § 6972(a)(1)(A)**

9          23.    Answering paragraph 23 of the Complaint, Defendant incorporates by this

10  reference its responses to paragraphs 1 through 22 above.

11         24.    Answering paragraph 24 of the Complaint, Defendant avers that the

12  paragraph contains a legal conclusion not requiring a response from Defendant.  To the extent the

13  paragraph contains allegations requiring a response from Defendant, Defendant denies each and

14  every allegation contained therein.

15         25.    Answering paragraph 25 of the Complaint, Defendant avers that the

16  paragraph contains a legal conclusion not requiring a response from Defendant.  To the extent the

17  paragraph contains allegations requiring a response from Defendant, Defendant avers that the

18  allegations are vague and ambiguous and on that basis denies them.

19         26.    Answering paragraph 26 of the Complaint, Defendant avers that the

20  paragraph contains a legal conclusion not requiring a response from Defendant.  To the extent the

21  paragraph contains allegations requiring a response from Defendant, Defendant denies each and

22  every allegation contained therein.

23         27.    Answering paragraph 27 of the Complaint, Defendant denies each and

24  every allegation contained therein as they relate to Defendant.  Defendant is without sufficient

25  knowledge or information to form a belief as to the truth of the remaining allegations, and on that

26  basis denies them.

27         28.    Answering paragraph 28 of the Complaint, Defendant denies each and

28  every allegation contained therein as they relate to Defendant.  Defendant is without sufficient

1    knowledge or information to form a belief as to the truth of the remaining allegations, and on that

2    basis denies them.

3                                **VII. SECOND CLAIM FOR RELIEF**

4                                **Violation of RCRA § 6972(a)(1)(B)**

5            29.     Answering paragraph 29 of the Complaint, Defendant incorporates by this

6    reference its responses to paragraphs 1 through 28 above.

7            30.     Answering paragraph 30 of the Complaint, Defendant avers that the

8    paragraph contains legal conclusions not requiring a response from Defendant.

9            31.     Answering paragraph 31 of the Complaint, Defendant admits it owns and

10   operated a service station located at 1480 Broadway, Burlingame, California.  Defendant further

11   admits that petroleum products have been stored at the 1480 Broadway, Burlingame, California

12   property.  Except as so admitted, Defendant is without sufficient knowledge or information to

13   form a belief as to the truth of the remaining allegations, and on that basis denies them.

14           32.     Answering paragraph 32 of the Complaint, Defendant admits that that

15   petroleum contamination has been detected in the soil and groundwater at the 1480 Broadway,

16   Burlingame, California property.  Except as so admitted, Defendant is without sufficient

17   knowledge or information to form a belief as to the truth of the remaining allegations, and on that

18   basis denies them.

19           33.     Answering paragraph 33 of the Complaint, Defendant avers that the

20   paragraph contains a legal conclusion not requiring a response from Defendant.  Defendant

21   further avers the allegations are too vague to respond to. To the extent the paragraph contains

22   allegations requiring a response from Defendant, Defendant denies each and every allegation

23   contained therein.

24           34.     Answering paragraph 34 of the Complaint, Defendant avers that the

25   paragraph contains a legal conclusion not requiring a response from Defendant.  Defendant

26   further avers the allegations are too vague to respond to.  To the extent the paragraph contains

27   allegations requiring a response from Defendant, Defendant denies each and every allegation

28   contained therein.

                                        - 6 -

1       35.     Answering paragraph 35 of the Complaint, Defendant avers that the

2    paragraph contains a legal conclusion not requiring a response from Defendant.  To the extent the

3    paragraph contains allegations requiring a response from Defendant, Defendant denies each and

4    every allegation contained therein.

5       36.     Answering paragraph 36 of the Complaint, Defendant denies each and

6    every allegation contained therein as they relate to Defendant.  Defendant is without sufficient

7    knowledge or information to form a belief as to the truth of the remaining allegations, and on that

8    basis denies them.

9       37.     Answering paragraph 37 of the Complaint, Defendant denies each and

10   every allegation contained therein as they relate to Defendant.  Defendant is without sufficient

11   knowledge or information to form a belief as to the truth of the remaining allegations, and on that

12   basis denies them.

13                          **VIII.  RELIEF REQUESTED**

14      38.     Answering paragraph 38 of the Complaint, Defendant denies each and

15   every allegation contained therein as they relate to Defendant.  Defendant further denies that

16   Plaintiff is entitled to the relief sought, or any relief.

17      39.     Answering paragraph 39 of the Complaint, Defendant denies each and

18   every allegation contained therein as they relate to Defendant.  Defendant further denies that

19   Plaintiff is entitled to the relief sought, or any relief.

20      40.     Answering paragraph 40 of the Complaint, Defendant denies each and

21   every allegation contained therein as they relate to Defendant.  Defendant further denies that

22   Plaintiff is entitled to the relief sought, or any relief.

23      41.     Answering paragraph 41 of the Complaint, Defendant denies each and

24   every allegation contained therein as they relate to Defendant.  Defendant further denies that

25   Plaintiff is entitled to the relief sought, or any relief.

26      42.     Answering paragraph 42 of the Complaint, Defendant denies each and

27   every allegation contained therein as they relate to Defendant.  Defendant further denies that

28   Plaintiff is entitled to the relief sought, or any relief.

SUNCOR HOLDINGS' ANSWER TO COMPLAINT          Case No. C07-03203-JCS

1    43.    Answering paragraph 43 of the Complaint, Defendant denies each and

2    every allegation contained therein as they relate to Defendant.  Defendant further denies that

3    Plaintiff is entitled to the relief sought, or any relief.

4    44.    Answering paragraph 44 of the Complaint, Defendant denies each and

5    every allegation contained therein as they relate to Defendant.  Defendant further denies that

6    Plaintiff is entitled to the relief sought, or any relief.

7    45.    Answering paragraph 45 of the Complaint, Defendant denies each and

8    every allegation contained therein as they relate to Defendant.  Defendant further denies that

9    Plaintiff is entitled to the relief sought, or any relief.

10    46.    Answering paragraph 46 of the Complaint, Defendant denies each and

11    every allegation contained therein as they relate to Defendant.  Defendant further denies that

12    Plaintiff is entitled to the relief sought, or any relief.

13    47.    Answering paragraph 47 of the Complaint, Defendant denies each and

14    every allegation contained therein as they relate to Defendant.  Defendant further denies that

15    Plaintiff is entitled to the relief sought, or any relief.

16    **AFFIRMATIVE DEFENSES**

17    As separate and complete affirmative defenses to all claims in the Complaint,

18    Defendant asserts as follows:

19    **FIRST AFFIRMATIVE DEFENSE**

20    **(Failure to State a Claim)**

21    The Complaint and each claim for relief therein fails to state facts sufficient to

22    state a claim for which relief can be granted.

23    **SECOND AFFIRMATIVE DEFENSE**

24    **(Standing)**

25    Plaintiff lacks standing to sue for any claims for relief alleged in the Complaint.

26    **THIRD AFFIRMATIVE DEFENSE**

27    **(Subject Matter Jurisdiction)**

28    This Court lacks jurisdiction over the subject matter of the Plaintiff's purported

- 8 -

1    claim under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 *et seq.*

2    <div align="center">**FOURTH AFFIRMATIVE DEFENSE**</div>

3    <div align="center">**(Failure to Provide Notice)**</div>

4            Plaintiff failed to provide the statutorily required pre-suit notice of any claim

5    arising under RCRA.

6    <div align="center">**FIFTH AFFIRMATIVE DEFENSE**</div>

7    <div align="center">**(Pre-Suit Notice Inadequate)**</div>

8            Any attempted pre-suit notice purportedly presented pursuant to RCRA was

9    legally insufficient.

10    <div align="center">**SIXTH AFFIRMATIVE DEFENSE**</div>

11    <div align="center">**(Failure to Join Indispensable or Necessary Parties)**</div>

12            The Complaint fails to include all indispensable or necessary parties for the just

13    and complete adjudication of the matters alleged by Plaintiff.

14    <div align="center">**SEVENTH AFFIRMATIVE DEFENSE**</div>

15    <div align="center">**(Statutes of Limitations)**</div>

16            The Complaint and each cause of action therein is barred by applicable federal

17    and state statutes of limitations, including but not limited to, the statute of limitations set forth in

18    28 U.S.C. § 2462.

19    <div align="center">**EIGHTH AFFIRMATIVE DEFENSE**</div>

20    <div align="center">**(Acts or Omissions of Third Parties)**</div>

21            The Plaintiff cannot recover against Defendant because the alleged violations of

22    RCRA, if any, were caused by the acts, errors or omissions of third parties other than Defendant,

23    over whom Defendant had no authority or control.

24    <div align="center">**NINTH AFFIRMATIVE DEFENSE**</div>

25    <div align="center">**(Res Judicata/Collateral Estoppel)**</div>

26            The Complaint and each cause of action therein is barred by the doctrines of res

27    judicata and/or collateral estoppel.

28    ///

<div align="center">- 9 -</div>

1    **TENTH AFFIRMATIVE DEFENSE**

2    **(Punitive Damages/Civil Penalties Improper)**

3    The Complaint fails to state a claim or set forth facts sufficient to support a claim

4    for punitive damages or civil penalties.

5    **ELEVENTH AFFIRMATIVE DEFENSE**

6    **(Failure to Perform Conditions or Exhaust Remedies)**

7    The Complaint and each cause of action therein is barred because Plaintiff failed

8    to exhaust its remedies and has not performed all necessary conditions precedent required prior

9    to filing the Complaint.

10    **TWELFTH AFFIRMATIVE DEFENSE**

11    **(Incorporation by Reference of Other Affirmative Defenses)**

12    Defendant incorporates by reference any and all affirmative defenses asserted by

13    any other defendant in this action.

14    **THIRTEENTH AFFIRMATIVE DEFENSE**

15    **(Commencement and Diligent Prosecution)**

16    The Complaint is barred by the provisions of 42 U.S.C. § 6972(b)(2)(C).

17    **FOURTEENTH AFFIRMATIVE DEFENSE**

18    **(Laches)**

19    Plaintiff's claims are barred by the doctrine of laches.

20    **FIFTEENTH AFFIRMATIVE DEFENSE**

21    **(Unclean Hands)**

22    Plaintiff's claims are barred as a matter of equity because Plaintiff has "unclean

23    hands" or has otherwise engaged in conduct sufficient to bar its claims.

24    **SIXTEENTH AFFIRMATIVE DEFENSE**

25    **(Waiver)**

26    Plaintiff's claims are barred by the doctrine of waiver.

27    ///

28    ///

- 10 -

1

<u>**SEVENTEENTH AFFIRMATIVE DEFENSE**</u>

2

**(Estoppel)**

3

Plaintiff's claims are barred by the doctrine of equitable estoppel.

4

<u>**EIGHTEENTH AFFIRMATIVE DEFENSE**</u>

5

**(Primary Jurisdiction/Preemption)**

6

Defendant is informed and believes and thereon avers that the Complaint, and

7

each claim therein, is barred, in whole or in part, because RCRA grants primary jurisdiction to

8

the California State Water Resources Control Board, the Regional Water Quality Control Board

9

(San Francisco Bay Region) and/or other government agencies, and otherwise preempts and/or

10

subsumes plaintiff's claims. The Court should abstain from hearing this action.

11

<u>**NINETEENTH AFFIRMATIVE DEFENSE**</u>

12

**(Reservation of All Other Affirmative Defenses)**

13

Defendant reserves the right to assert and rely on any additional affirmative

14

defenses that may become available or apparent during discovery proceedings and/or trial.

15

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

16

1. That Plaintiff be awarded nothing in this action, and the Complaint be

17

dismissed with prejudice;

18

2. That judgment be entered in favor of Defendant on the Complaint; and,

19

3. That Defendants be awarded its costs; and

20

4. For such other and further relief as the court may deem just and proper.

21

Dated: September 27, 2007

22

GLYNN & FINLEY, LLP
ANDREW T. MORTL
PATRICIA L. BONHEYO
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596

23
24
25
26

By _____
Attorneys for Defendant Suncor
Holdings LLC

27
28

- 11 -

SUNCOR HOLDINGS' ANSWER TO COMPLAINT        Case No. C07-03203-JCS

1    Case/Docket No. C07-03203 PJH

2    **PROOF OF SERVICE VIA CM/ECF**

3    I, Beverly Carter, declare as follows:

4    I am over the age of 18 years, and not a party to the action; and I am employed in

5    the County of Contra Costa, California.  My business address is One Walnut Creek Center, 100

6    Pringle Avenue, Suite 500, Walnut Creek, CA  94596, in said County and State.  On September

7    27, 2007, I served the following document(s):

8    **SUNCOR HOLDINGS' ANSWER TO COMPLAINT**

9    on the interested parties in this action , by presenting the foregoing to the Clerk of the Court for

10    filing and uploading to the CM/ECF system which will send notification of such filing to the

11    following:

12    ***SEE CM/ECF ELECTRONIC FILING CERTIFICATE OF SERVICE LIST***

13

14    I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

15    Executed this <u>27th</u> day of <u>September, 2007</u> at Walnut Creek, California.

16

17

18    ___/s/Beverly Carter_____

19    Beverly Carter

20

21

22

23

24

25

26

27

28

- 1 -

PROOF OF SERVICE